IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VINCENT LEE WALKER,

                Plaintiff,

vs.                                      Case No. 22-3050-SAC

DOUGLAS COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.,

                Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action on forms for bringing a lawsuit under 42 U.S.C. § 1983.  His claims, which are similar to or the same as the claims plaintiff brought in Case No. 20-3123 and Case No. 21-3136, arise from his incarceration at the Douglas County Jail.  This case is before the court for screening pursuant to 28 U.S.C. § 1915A.  The court shall apply the same screening standards as the court reviewed in plaintiff's previous cases.  See Walker v. Douglas County Sheriff's Office, 2020 WL 5513618 *1 (D.Kan. 9/14/2020); Walker v. Douglas County Sheriff's Office, 2021 WL 4745715 *1-2 (D.Kan. 10/12/2021).

I. Plaintiff's complaint

Plaintiff alleges that he was threatened with attack by Casie Williams, an inmate in the jail.  He claims that he informed jail officers Ormsby and Blue about the threat, but they did nothing.

1

About an hour after plaintiff reported the threat, Casie Williams and another inmate entered plaintiff's cell and attacked plaintiff.  Plaintiff claims that he was beaten and suffered injuries for which he was given the bare minimum of treatment.  Plaintiff also complains that he was refused hospital care until months later and that he still experiences pain.

Plaintiff names as defendants:  the Douglas County Board of County Commissioners; Ormsby; and Blue.

II.  Case No. 20-3123 and Case No. 21-3136.

In Case No. 20-3123, plaintiff raised the same claims against the Douglas County Sheriff's Office and defendants Ormsby and Blue.  The court ordered the case dismissed without prejudice on October 16, 2020 after plaintiff failed to respond to a show cause order.  The court denied plaintiff's motion to reopen the case on May 14, 2021.

In Case No. 21-3136, plaintiff brought the same claims against the Douglas County Sheriff's Office, defendants Ormsby and Blue, and one other jail officer.  The court dismissed the case for failure to state a claim on November 19, 2021.

III.  Res judicata[1]

Under the doctrine of res judicata or claim preclusion, a prior judgment bars later litigation of the very same claim,

---

[1] It is permissible to raise res judicata at the screening stage.  Atherton v. St. Vincent Hospital, 774 Fed.Appx. 304, 305 (7th Cir. 2019); Harper v. Salameh, 722 Fed.Appx. 205, 206 n.1 (3rd Cir. 2017).

2

whether or not relitigation of the claim raises the same issues as the earlier suit.  New Hampshire v. Maine, 532 U.S. 742, 748 (2001).  "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so."  Lenox MacLaren Surgical Corp. v. Medtronic, Inc., 847 F.3d 1221, 1239 (10th Cir. 2017)(interior quotation omitted).  There are three elements to claim preclusion: 1) a final judgment on the merits in the earlier action; 2) identity of parties or privies in the two suits; and 3) identity of the cause of action in both suits.  Id.  There is an exception to the application of claim preclusion if the party opposing it did not have a full and fair opportunity to litigate the claim in the prior action.  Id.

Here, plaintiff is bringing the same cause of action against two defendants named by plaintiff in two previous cases.  In one of those cases, Case No. 21-3136, plaintiff's claims were dismissed for failure to state a claim and no appeal was sought.[2]  Therefore, the court shall direct plaintiff to show cause why this action should not be dismissed as to Ormsby and Blue under the doctrine of res judicata or claim preclusion.

---

[2] A screening dismissal may have res judicata effect.  Coleman v. Labor & Indus. Rev. Comm'n, 860 F.3d 461, 469 (7th Cir. 2017).

IV. Board of County Commissioners

To state a plausible claim against the Board, plaintiff must allege facts showing that there was a constitutional violation committed by a county employee and that a county policy or custom was the moving force behind the constitutional violation. Cordova v. Aragon, 569 F.3d 1183, 1193 (10th Cir. 2009). It must also be shown that the Board's action was taken with deliberate indifference as to its known or obvious consequences. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 770 (10th Cir. 2013). The Board may not be found liable merely because it employed someone who caused the constitutional violation. Id. Indeed, when a plaintiff does not claim that a county "directly inflicted a constitutional injury . . . but has caused an employee to do so, 'rigorous standards of culpability and causation must be applied to ensure the [county] is not held vicariously liable for its employees' actions.'" Contreras on behalf of A.L. v. Dona Ana County Board of County Commissioners, 965 F.3d 1114, 1138 (10th Cir. 2020)(concurrence in part)(quoting Bd. of Cty. Comm's v. Brown, 520 U.S. 397, 405 (1997)).

The complaint has not alleged facts showing that the defendant Board was the moving force behind the alleged failure to protect plaintiff from jail violence. Nor has it alleged facts showing deliberate indifference. Therefore, plaintiff has not alleged a plausible claim against the defendant Board.

4

V. <u>Conclusion</u>

For the above-state reasons, the court shall grant plaintiff time until April 22, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 23rd day of March 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

5