IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VINCENT LEE WALKER,

           Plaintiff,

vs.                                      Case No. 22-3050-SAC

DOUGLAS COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.,

           Defendants.

**O R D E R**

Plaintiff, pro se, filed this action on forms for bringing a lawsuit under 42 U.S.C. § 1983. On March 23, 2022, the court issued a screening order addressing plaintiff's original complaint. Doc. No. 3. The court noted that plaintiff's claims were similar to or the same as the claims plaintiff brought in Case No. 20-3123 and Case No. 21-3136. The court then directed plaintiff to show cause why the case should not be dismissed or file an amended complaint.

On March 30, 2022, plaintiff filed an amended complaint. Doc. No. 4. This order shall screen the amended complaint, applying the same screening standards as the court reviewed in plaintiff's previous cases. See Walker v. Douglas County Sheriff's Office, 2020 WL 5513618 *1 (D.Kan. 9/14/2020); Walker v. Douglas County Sheriff's Office, 2021 WL 4745715 *1-2 (D.Kan. 10/12/2021).

1

I. <u>The amended complaint</u>

The amended complaint names the following defendants: the Douglas County Board of County Commissioners; Officer Ormsby; Officer Blue; and Officer Ladke. Officer Ladke was not named as a defendant in the original complaint in this case.

Plaintiff alleges that plaintiff was beaten in the Douglas County Jail by two inmates. He claims he was attacked in an area of the jail which is not viewed by cameras and that this absence of camera coverage is the fault of defendants. The amended complaint further alleges that two officers, defendants Ormsby and Blue were aware that plaintiff was threatened with assault but failed to take precautionary steps. The amended complaint states that defendant Ladke took pictures and video footage after the attack.

II. <u>Res judicata</u>

Plaintiff is bringing the same cause of action against defendants Ormsby and Blue that he brought in two previous cases. In one of those cases, Case No. 21-3136, plaintiff's claims were dismissed for failure to state a claim and no appeal was sought.[1] Therefore, the court finds that plaintiff's cause of action against defendants Ormsby and Blue must be dismissed under the doctrine of res judicata or claim preclusion. See <u>Lenox MacLaren Surgical</u>

---

[1] A screening dismissal may have res judicata effect. <u>Coleman v. Labor & Indus. Rev. Comm'n</u>, 860 F.3d 461, 469 (7th Cir. 2017).

2

Corp. v. Medtronic, Inc., 847 F.3d 1221, 1239 (10th Cir. 2017)(describing the operation of res judicata or claim preclusion).

III. Ladke

Defendant Ladke was named as a defendant in the amended complaint plaintiff filed at Doc. No. 4 in Case No. 21-3136. Therefore, the res judicata doctrine also supports dismissing plaintiff's claims against him or her in this case.  In addition, plaintiff's allegations fail to plausibly describe how defendant Ladke is responsible for not protecting plaintiff from the attack.

IV. Douglas County Board of County Commissioners

As the court stated in the prior screening order in this case, to state a plausible claim against the Board, plaintiff must allege facts showing that there was a constitutional violation committed by a county employee and that a county policy or custom was the moving force behind the constitutional violation.  Cordova v. Aragon, 569 F.3d 1183, 1193 (10th Cir. 2009).  It must also be shown that the Board's action was taken with deliberate indifference as to its known or obvious consequences. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 770-71 (10th Cir. 2013). To satisfy the state of mind requirement, plaintiff must allege facts sufficient to plausibly show that the Board had actual or constructive notice that its action or failure to act was substantially certain to result in a constitutional violation,

3

and it consciously or deliberately chose to disregard the risk of harm.  Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998).  Notice can be established by proving a pattern of tortious conduct and deliberate indifference may be found absent such a pattern in a narrow range of circumstances where the violation of federal rights is a highly predictable or plainly obvious consequence of the governmental body's action or inaction.  Waller v. City and County of Denver, 932 F.3d 1277, 1284 (10th Cir. 2019).

Here, plaintiff has alleged that there was a blind spot not covered by cameras at the jail and that is where he was assaulted.  Plaintiff, however, has failed to allege facts plausibly showing that the Board was aware of the blind spot, that the blind spot created an excessive risk to plaintiff's health or safety, and that the Board consciously disregarded that risk.

V. Conclusion

The court shall grant plaintiff's motion for leave to proceed in forma pauperis.  Doc. No. 2.  For the reasons explained above, however, the court directs that this case be dismissed for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 26th day of April 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

4