IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VINCENT LEE WALKER,**

    **Plaintiff,**

    v.                                                CASE NO. 22-3050-JWL

**DOUGLAS COUNTY, KANSAS, BOARD
OF COUNTY COMMISSIONERS, et al.,**

    **Defendants.**

## **MEMORANDUM AND ORDER**

Plaintiff, Vincent Lee Walker, filed this pro se 42 U.S.C. § 1983 action. Plaintiff is currently confined at the Douglas County Jail in Lawrence, Kansas. This case was dismissed on April 26, 2022, for failure to state a claim. (Doc. 5.) This matter is before the Court on Plaintiff's motion (Doc. 13) seeking to refile his complaint in this case.

In his motion, Plaintiff argues that he should have "only" named the Douglas County Board of County Commissioners as a defendant in this case, and he shouldn't have included several officers as defendants. Plaintiff believes that listing the additional defendants is what caused his case to be dismissed. (Doc. 13.) Therefore, he wants this claim to be refiled with only the Board of County Commissioners named as a defendant. *Id*.

This case was dismissed for failure to state a claim and is closed. Plaintiff appealed the dismissal and the Tenth Circuit Court of Appeals dismissed the appeal for lack of prosecution. (Doc. 12.) Plaintiff named the Douglas County, Kansas, Board of County Commissioners as a defendant in this case and his claims against this defendant were dismissed along with the claims against the other defendants. In dismissing this case, the Court held that:

> As the court stated in the prior screening order in this case, to state a plausible claim against the Board, plaintiff must allege facts showing that there was a constitutional violation committed by a county employee and that a county policy or custom was the moving force behind the constitutional violation. *Cordova v. Aragon*, 569 F.3d 1183, 1193 (10th Cir. 2009). It must also be shown that the Board's action was taken with deliberate indifference as to its known or obvious consequences. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 770-71 (10th Cir. 2013). To satisfy the state of mind requirement, plaintiff must allege facts sufficient to plausibly show that the Board had actual or constructive notice that its action or failure to act was substantially certain to result in a constitutional violation, and it consciously or deliberately chose to disregard the risk of harm. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). Notice can be established by proving a pattern of tortious conduct and deliberate indifference may be found absent such a pattern in a narrow range of circumstances where the violation of federal rights is a highly predictable or plainly obvious consequence of the governmental body's action or inaction. *Waller v. City and County of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019).
>
> Here, plaintiff has alleged that there was a blind spot not covered by cameras at the jail and that is where he was assaulted. Plaintiff, however, has failed to allege facts plausibly showing that the Board was aware of the blind spot, that the blind spot created an excessive risk to plaintiff's health or safety, and that the Board consciously disregarded that risk.

(Doc. 5, at 3–4.)

Plaintiff named the Board as a defendant, the Court considered his claims against the Board, the Court dismissed the case for failure to state a claim, and the Tenth Circuit Court of Appeals dismissed his appeal. Therefore, "only" naming the Board as a defendant would not have saved Plaintiff's claims. Nothing in Plaintiff's motion warrants reopening this closed case to allow him to refile his claim against the Board. Plaintiff's motion is denied and this case remains closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion (Doc. 13) seeking to refile his complaint in this case is **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated July 11, 2023, in Kansas City, Kansas.**

                                        **S/  John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**